† H. A. KEPNER v. O. B. PIERCE.

1. DEFENDANT'S RIGHT OF SET OFF NOT DEFEATED BY PLAINTIFF'S EXEMPTION.
   That a plaintiff in an action for money is entitled to hold exempt from levy and sale a sum equal to that for which he sues, will not defeat the defendant's right of set-off.
2. RULE NOT TO BE APPLIED SO AS TO DEFEAT DEBTOR'S EXEMPTION.
   But in case a defendant is sued for seizing and selling property upon execution which is exempt, in defiance of the debtor's rights, such defendant should be denied the right to set off the claims upon which they have seized the property, as to permit a set-off would enable the judgment creditor to defeat the right of exemption conferred upon the debtor.

Error to the Court of Common Pleas of Darke county.

The defendant in error brought suit in the court of common pleas to recover of the plaintiff in error $162.90, the contract price for improvements and repairs upon his house. The answer admitted the averments of the petition, but pleaded a set-off upon a note executed by the defendant in error to another and by him indorsed to the plaintiff in error. The reply admitted the execution, consideration and non-payment of the note, but alleged the facts necessary to entitle the defendant in error to hold exempt from levy and sale, in lieu of a homestead, personal property not exceeding $500.00 in value, and that before the commencement of the suit, and ever since, he had demanded the amount for which he sued as so exempt. A general demurrer to this reply was overruled. The cause was submitted to the trial court upon the pleadings and the following agreed statement of facts: "The said O. B. Pierce is the head of a family, and a resident of the State of Ohio, and neither he nor his wife is the owner of a homestead; at the beginning of the suit said Pierce demanded said sum of $162.90 in lieu of a homestead, and has ever since demanded and still demands the same; the said defendant, H. A. Kepner, purchased the note referred to in the pleadings from one J. W. Krouse for a valuable consideration before said work and labor was performed, and said note has not been paid."

Thereupon the trial court rendered judgment in favor of the plaintiff for the amount claimed in his petition, and the defendant excepted.

The errors assigned are: overruling a general demurrer to the reply, and rendering judgment for the plaintiff below upon the pleadings and said agreed statement of facts.

SHAUCK, J.

With one exception, the cases cited in support of the judgment below, are inapplicable. Some of them are cases in which, by suit or motion, it was sought to set off one judgment against another. This being but an equitable mode of satisfying judgments already recovered, courts have generally held that the parties are entitled to exercise in such proceeding the same rights which they might exercise if satisfaction of the judgments were sought by executions at law. It is upon this principle that judgments cannot be so set off against each other, as to defeat the right of one judgment debtor to hold property exempt from levy and sale upon execution.

Others are cases in which parties sued in trespass for seizing and selling property upon execution, in defiance of their debtor's right and claim to an exemption, have been denied the right to set off the claims upon which they had seized the property. To permit the set-off in such cases would enable the judgment creditor to defeat the right to exemption which the statute in express terms confers upon the debtor. Temple v. Scott, 3 Minn. 306, may be of questionable authority, because it repudiates this principle.

So far as we are advised, Smith v. Sills (supreme court of Indiana), 25 N. E. Rep. 881, is the only support of the judgment before us. It was decided November 25, 1890, and as we have not access to the later decisions of that court, we assume that it has not been overruled. It was decided without reason, and upon

†This judgment was affirmed on the grounds stated in this opinion, 52 O. S., 615.

a citation of authorities that do not apply because they fall within one or the other of the classes of cases already adverted to.

The set-off in the case before us was pleaded in strict accordance with the provisions of sec. 5070, Rev. Stat. and the seven following sections. If the defendant below had omitted to plead it, he could not have recovered costs in a subsequent action thereon. Witte v. Lockwood, 39 O. S. 144.

The exemption claimed by the plaintiff below, and allowed by the court, was not in accordance with the terms of sec. 5441, Rev. Stat. · By its terms that section provides only for exemption from levy and sale. It confers a right upon judgment debtors in the cases contemplated, but in no wise affects the rights of parties litigant. The provisions relating to set-off and those relating to exemptions are not *in pari materia*. The former confer rights in action, the latter rights after judgment.

The court below permitted the plaintiff to recover from the defendant more than was due. The unsoundness of the rule upon which it proceeded becomes apparent if we suppose a case in which both parties are entitled to the exemption. In such case it would result in denying to both parties the right to perpetuate their claims by reducing them to judgment. That right is manifestly given to all persons, although, for the time being and in the cases provided for, the right to carry the judgment into execution is suspended.

Certainly the statute relating to exemptions is to be liberally construed. But the liberal construction of one statute must not lead to the abrogation of another. The considerations urged in this regard are not judicial. At most they warrant no other conclusion than that the reasons which have led to legislation·in favor of judgment debtors in certain cases, would justify legislation in favor of the same classes of persons before judgment.

Judgment reversed.

Alread & Bickel, for plaintiff in error.

Sater & Robeson, *contra*.